## J. G. CHERRY COMPANY v. J. E. LARSON.[1]

January 9, 1914.

Nos. 18,232—(73).

**New trial — assignment of error.**

1. Where a motion for a new trial is based upon several grounds, an assignment of error that the court erred in denying the motion, without specify-

[1] Reported in 144 N. W. 949.

ing the ground upon which it is claimed the motion should have been granted, is insufficient.

**Sale — rescission of contract.**

2. In this action it did not conclusively appear from the evidence that defendant had lost his right to rescind a contract of purchase for breach of warranty.

Action in the district court for Carver county to recover $260. The facts are stated in the opinion. The case was tried before Morrison, J., who denied plaintiff's motion for a directed verdict and a jury which returned a verdict in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*T. R. Kane,* for appellant.

*W. C. Odell,* for respondent.

BUNN, J.

The complaint alleged that on August 16, 1911, defendant and plaintiff entered into a written contract, by the terms of which defendant ordered from plaintiff one 300-gallon Jensen cream ripener, and agreed to pay therefor the sum of $260, by giving his note for that sum payable six months after the receipt of the ripener, with six per cent interest; that plaintiff delivered the ripener to defendant August 19, 1911, and that it was duly received and accepted by defendant on the twentieth; that plaintiff thereupon demanded of defendant that he execute and deliver the note, but that defendant has refused and still refuses to do so, or to pay the agreed price of the ripener, "all to the damage of this plaintiff in the sum of $260, together with interest * * * at the rate of six per cent per annum" from August 20, 1911. Judgment was demanded for such sum and interest.

The answer admitted that on August 16, 1911, plaintiff and defendant entered into a written contract, which was in the following words: "The undersigned purchaser hereby contracts for and orders of J. G. Cherry Company * * * one 300-gallon Jensen cream ripener, guaranteed first class, for which purchaser agrees to pay * * * the sum of $260, payable as follows:    J. E. Larson

to give a note payable six months after date of invoice with six per cent interest per annum until paid." The answer admitted the delivery of the ripener, and that defendant did not execute the note, or pay the agreed price. As a separate defense, it was pleaded in substance that the ripener was not first class, as guaranteed and represented, in that it splashed and roiled the cream, and did not distribute the temperature evenly throughout the vat; that the contract contained a provision that the title to the ripener should remain in plaintiff until the purchase money was fully paid, notes not to be considered as payment until redeemed; that under this provision the title did not pass to defendant on delivery; that, after making a trial of the ripener and within 15 days of its delivery, defendant notified plaintiff that it would not be accepted; and that on September 10, 1911, defendant returned the ripener to plaintiff at St. Paul. Judgment that plaintiff take nothing by the action was demanded. The reply was a general denial.

The complaint does not in terms ask to recover the purchase price of the ripener, but is for damages caused by the refusal of defendant to give his note as agreed. The answer claims a breach of warranty and a rescission on account thereof. The trial, which was to a jury, proceeded upon the theory that the burden of proof was upon plaintiff to show that the ripener was "first class," as guaranteed; that plaintiff was entitled to recover if it sustained this burden, or if defendant did not return the ripener within a reasonable time after discovering that it was not as guaranteed; that otherwise defendant was entitled to a verdict. The instructions were along this line, and the jury returned a verdict for the defendant. This appeal is from an order denying a new trial.

The assignments of error are: (1) That the court erred in denying plaintiff's motion to direct a verdict in its favor for the agreed price of the ripener; (2) that the court erred in denying plaintiff's motion for a new trial. The second assignment of error raises no question for our decision, as the motion was made on several grounds, and the assignment does not specify the particular error relied on. 1 Dunnell, Minn. Dig. § 363. We therefore have not before us the question whether the verdict is sustained by the evidence, or the cor-

rectness of any instruction or ruling, except the refusal of the court to direct a verdict for plaintiff.

The sole ground upon which it is claimed that plaintiff was entitled to a directed verdict is that defendant delayed an unreasonable time after discovery that the ripener did not fulfil the guaranty before rescinding the contract. As we have stated, this issue was submitted to the jury and decided in defendant's favor. The question here is whether it should be held as a matter of law that defendant was not entitled to rescind. There are strong suggestions in the evidence that after experimenting with and using the ripener, and finding that it splashed and roiled the cream, defendant did not promptly disaffirm the contract, but sought rather to obtain a reduction in the price. However, considering that under the contract the title remained in plaintiff, and the fact that some time was spent in experimenting and endeavoring, with the assistance of a representative of plaintiff, to make the ripener do its work properly, and in trying to make a settlement with plaintiff, we are not prepared to say as a matter of law that defendant waived his right to rescind.

Order affirmed.